IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KUHN CONSTRUCTION COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 10-637-SLR ) |
| DIAMOND STATE PORT CORPORATION, | ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this 14th day of February, 2012, having considered the letter briefs submitted by counsel and the arguments made during a July 28, 2011 telephone conference;

IT IS ORDERED, for the reasons discussed below, that plaintiff's remaining breach of contract claim will be dismissed:

1. **Background.** On July 28, 2010, Kuhn Construction Company ("plaintiff") filed suit against Diamond State Port Corporation ("DSPC" or "defendant") asserting claims for civil rights violations pursuant to 42 U.S.C. § 1983 (count I), fraud and misrepresentation (count II), civil conspiracy (count III), and breach of contract (count IV). (D.I. 1) The court's jurisdiction was premised upon 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental). (D.I. 1 at ¶ 8; D.I. 19 at 2)

2. In response to a motion to dismiss counts I, II and III, the court issued an April 26, 2011 opinion and order granting defendant's motion. (D.I. 19 & 20) Because the court granted defendant's motion to dismiss, the only remaining claim was a breach of contract claim. This raised jurisdictional concerns; specifically, the court questioned its ability to retain jurisdiction in light of the fact that no federal question remains and the parties are not diverse. (D.I. 19 at 21, n.8) With this issue in mind, the court requested that the parties provide it with letter briefs on the issue of subject matter jurisdiction.

(D.I. 20)

3. Plaintiff, in its letter brief, stated that, "to the extent that the breach of contract (count IV) claim is the only claim that remains, this Court would not retain subject matter jurisdiction." (D.I. 21) At the July 28, 2011 telephone conference, plaintiff's counsel indicated that the "appropriate course" would be for the court to "enter an order dismissing the [remaining claim] so that [plaintiff] can proceed to state court."

4. Defendant, in its letter brief, argues that the court can and should retain jurisdiction. According to defendant, the court may, at its discretion, retain jurisdiction over the breach of contract claim since the court originally had jurisdiction based upon the federal question. (D.I. 23) (citing, inter alia, *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) and *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3rd Cir. 1995) (explaining that "[u]nder *Gibbs* jurisprudence, where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.")). Defendant argues that the court should retain jurisdiction based upon considerations of judicial economy and convenience. (*Id.*) This argument is premised on the fact that the court currently has before it another case that shares the same set of operative facts, *Kuhn Construction Co. v. Ocean And Coastal Consultants, Inc. & Robert F. Waite, P.E., P.C.*, Civ. No. 2009-622.

5. **Standard**. Under 28 U.S.C. § 1367:

> (a) [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.
> . . .
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
> . . .
> (3) the district court has dismissed all claims over which it has original jurisdiction.

2

Thus, the exercise of supplemental jurisdiction is discretionary; however, as noted above, a district court "must decline to decide . . . [supplemental] state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification" for retaining jurisdiction. *Borough of West Mifflin*, 45 F.3d at 788 (citing *Gibbs*).

6. **Discussion**. The court concludes that considerations of economy, convenience and fairness do not provide a sufficient justification for retaining jurisdiction. First, the two *Kuhn Construction* actions - 09-622 and 10-637 - cannot be consolidated.[1] Second, plaintiff would rather proceed in state court on the remaining claim. Third, the action at bar is only at the motion to dismiss phase. Accordingly, plaintiff's remaining breach of contract claim is dismissed.

                                                                       */s/*
                                            United States District Judge

---

[1] Jurisdiction in the 09-622 matter is premised on the parties' diversity; plaintiff Kuhn Construction is a Delaware company and defendants Ocean And Coastal Consultants, Inc. & Robert F. Waite, P.E., P.C. are New Jersey and New York companies respectively. (D.I. 62 at 1-2 in 09-622) DSPC, defendant in the action at bar, is a Delaware company and, therefore, consolidation would destroy diversity.